# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TAMMY HARVEY**<br><br>Plaintiff,<br><br>v.<br><br>**CAMPO RICO ADVENTURES LLC; HACIENDA CAMPO RICO, INC. D/B/A CAMPO RICO TRAIL RIDES; INSURANCE COMPANY XYZ;**<br><br>Defendants. | CIVIL NO. 24-1376<br><br>DAMAGES<br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES the Plaintiff, Tammy Harvey ("Mrs. Harvey" or "Plaintiff"), through the undersigned attorney and respectfully alleges and prays as follows:

### I. INTRODUCTION

1. This is a personal injury action filed by Plaintiff to redress the injuries suffered and the sufferings she endured and still enduring due to the intentional and/or negligent acts committed by Defendants, related to an incident occurred on August 4, 2024.

2. On August 4, 2024, Plaintiff came with a group of friends to Puerto Rico for vacations and to celebrate her daughter's graduation. Plaintiff expected to have a memorable vacations while visiting the island and seeing the sights. To continue the celebration Plaintiff and a group of friends went to Campo Rico Adventures for an ATV tour.

3. Unfortunately, while on the tour with Campo Rico Trail Rides, the celebration and vacation turned into a nightmare. Due to the gross negligence of Defendants by failing to provide appropriate maintenance to the all-terrain vehicle ("ATV"), Plaintiff ATV's breaks broke and

1

Plaintiff crashed into a fence made out of wood and wires, causing Plaintiff to be taken with an ambulance to the Hospital. Plaintiff suffered severe physical and emotional damages as described herein.

## II. JURISDICTION AND VENUE

4. The jurisdiction in this case is founded pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff (resident of Georgia, United States) and Defendants, a corporation registered and with place of business in Puerto Rico, or alternatively, corporations with registered offices in Delaware, United States, and a citizen of the United Stated resident of Puerto Rico. Furthermore, the amount in controversy in the Complaint exclusive of interests and costs exceeds seventy-five thousand dollars ($75,000.00).

5. Venue of this action in this district is proper pursuant to 28 U.S.C. Sec. 1391, since the accident and the event herein stated occurred in Puerto Rico.

## III. REQUEST FOR JURY TRIAL

6. Plaintiff requests trial by jury.

## IV. PARTIES

7. Plaintiff Tammy Harvey is of legal age, resident of 738 Leela CT grovetown, GA, 30813-5606.

8. Co-Defendant Hacienda Campo Rico, Inc. d/b/a Campo Rico Trail Rides (hereinafter, "Hacienda Campo Rico") is upon information and belief, a corporation duly registered and authorized to do business in Puerto Rico under the laws of Puerto Rico, with the following address: Carr. 874 Final Bo. Hoyo Mulas, Carolina, P.R. 00985, an mailing address P.O. Box 192647, San Juan, P.R. 00919-2647. Hacienda Campo Rico operates Campo Rico Trail Rides (hereinafter, "CRTR"), in Carolina, Puerto Rico.

9. Co-Defendant Campo Rico Adventures LLC d/b/a Campo Rico Trail Rides (hereinafter, "Hacienda Campo Rico" or "Campo Rico Adventures") is upon information and belief, a corporation duly registered and authorized to do business in Puerto Rico under the laws of Puerto Rico, with the following address: Carr. 874 Final Bo. Hoyo Mulas, Carolina, P.R. 00985, an mailing address P.O. Box 192647, San Juan, P.R. 00919-2647. Hacienda Campo Rico operates Campo Rico Trail Rides (hereinafter, "CRTR"), in Carolina, Puerto Rico.

10. Co-Defendant Insurance Company XYZ (hereinafter, "Insurance X") is upon information and belief, an insurance company duly registered and organized under the laws of the Commonwealth of Puerto Rico. Upon information and belief, Hacienda Campo Rico had a liability and/or casualty insurance issued by Insurance Company XYZ at the time of the incident set forth in this complaint, August 4, 2024. The designated office address is: unknown.

## V.   STATEMENT OF CLAIM

11. On August 1st, 2024, Plaintiff together with family and friends, arrived to Puerto Rico for vacations and her daughter's graduation celebration.

12. Plaintiff traveled with Lumya Harvey (daughter), Beverly Pritchett (sister), Alaysia Freeman (friend) and Shunuya Lane (friend) and stayed at the San Juan Marriot Resort.

13. Plaintiff decided to visit Puerto Rico for the beaches and the activities that the Island could offer.

14. On August 4, 2024, Plaintiff together with family and friends, booked an ATV tour of two hours with defendants.

15. Once there, Plaintiff completed the required paperwork and purchased safety gear with their assigned instructor, she was assigned an ATV.

16. Before riding the ATV, Plaintiff requested to change the ATV since it was not working appropriately. Because of that, Plaintiff asked if a change to the ATV was necessary.

17. No changes were made.

18. The tour was delayed approximately 10 minutes, because defendants were

19. While driving her ATV, Plaintiff's break stopped working and her ATV went directly to a wooden and wired fence.

20. Plaintiff resulted severely injured.

21. Despite first aid provided to Plaintiff, an ambulance took her to the Hospital University Puerto Rico and 7 stitches were made to her.

22. Emergency doctor prescribed Cephalexin 500mg.

23. Plaintiff arrived to her hotel at 6-7 pm that day (August 4).

24. The next day, she flew back home enduring pain.

25. Plaintiff incurred in the following costs:

$129.25 – Campo Rico Adventure

$760.00 flight tickets

$2,088- Hotel

$10,000.00 - medical bills. Plaintiff provides an estimate since she has not received yet the bill.

$1,000.00 – Ambulance. Plaintiff provides an estimate since she has not received yet the bill.

Total: $13,848.00

26. Once she returned to Georgia, she attended Dr. Christopher Apostle, Augusta Vascular Center who provided the following treatment: medical follow up, took out stitches and ordered an Xray.

27. This experience was extremely traumatic and ruined Plaintiff's vacation which she was having a blast. Because of that unpleasant experience, Plaintiff is not willing to return to Puerto Rico for vacations.

28. Defendants Hacienda Campo Rico, CRTR and/or Campo Rico adventures because of their gross negligence, they are directly responsible for the suffering inflicted on Plaintiff.

29. Defendants knew or should have known that the ATV was not properly working, that the ATV should have been changed because of the malfunctioning, breaks were not working appropriately.

30. Moreover, Defendants are directly responsible for ruining Plaintiff's vacation and graduation celebrations, for Plaintiff's anguish, physical and emotional damages as described herein.

## VI. FIRST CAUSE: TORT ACTION AND VICARIOUS LIABILITY

31. The allegations contained in all previous paragraphs are re-alleged as if fully alleged herein.

32. As previously stated, defendants violated Art. 1549 (former Art. 1803) by: (a) failing to provide a safe environment to Plaintiff (b) failing to maintain safe premises. Instead of wood of wires, they should have tires or any other rubber to protect clients if they hit like the incident herein described; (c) failure to maintain protocols in order to protect the safety of employees. Defendants failed to provide timely maintenance to the ATV and also failed to properly and timely repair the breaks of Plaintiff's ATV; (d) failure to train employees while

5

providing services to customers. Defendants failed to have an onsite licensed mechanic, among others.

33. Defendant's actions and omissions, through fault and/or negligence, caused damages to Plaintiff.

34. Defendant's negligence and omissions were a proximate legal cause of Plaintiff's injury.

### VII. SECOND CAUSE OF ACTION – CLAIM AGAINST THE INSURANCE

35. The foregoing paragraphs are realleged and reasserted herein.

36. Upon information or belief, Insurance Company XYZ is the insurance company for Hacienda Campo Rico and Campo Rico Trail Rides.

37. Co-defendant Insurance Company XYZ is liable for the negligence, fault and legal violations of their insured up to the coverage limit to their benefit. Plaintiff hereby exercises their right to present a direct action against the aforementioned insurance company.

### VIII. DAMAGES

38. As a direct result of the fault and negligence of Defendants described herein, Plaintiff suffered physical damages, mental anguish and emotional damages consisted in the following: lost of sleep, lost her time of vacation, insomnia, suffer cut, scratches and required emergency medical attention and gave her 7 stitches in her arm, restless, among others. She also is suffering from depression, had headaches, her daily activities were affected.

39. As a direct result of Defendants' fault and negligence, Plaintiff have incurred in unforeseen travel expenses in excess to $13,848.00.[1] Plaintiff suffered economic losses as described above.

---

[1] Since Plaintiff has not yet received full billing, she reserves her right to reduce or increase such amount.

40. Plaintiff's damages herein alleged apply to all causes of action. The Plaintiff has had to seek out and continue medical treatment. As a result of the events described herein, Plaintiff's suffered and continue to suffer irreparable emotional damages.

## IX. RELIEF

41. Wherefore, Plaintiff prays that this Honorable Court enter judgment in favor of Plaintiff, and against Defendants according to the aforementioned averments and order Defendants to pay the amounts herein requested:

42. Award Plaintiff the following monetary amounts, totaling $213,848.00 to be paid by Defendants:

   a. For economic losses, an amount which is estimated at this time to be in excess of $13,848.00.

   b. For Plaintiff Harvey's physical and emotional damages and pain and suffering, an amount which is estimated at this time to be in excess of $150,000.00.

   c. Impose punitive damages for an amount in excess of $50,000.00.

   d. Provide for the payment of all applicable interests, including prejudgment interest, together with reasonable attorney's fees, litigation expenses and the costs of this action.

   e. Grant Plaintiff such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21th day of August, 2024.

**BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel. (787) 946-5268/Fax (787)946-0062

S/Alejandro Bellver Espinosa
Alejandro Bellver Espinosa, Esq.
U.S.D.C. – P.R. 225708
Email: alejandro@bellverlaw.com